UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
U.S. COMMODITY FUTURES TRADING
COMMISSION,                                          12-CIV-9043 (PAE)

              Plaintiff,

       v.

ARISTA LLC, ABDUL SULTAN WALJI
a/k/a ABDUL SULTAN VALJI, and
RENIERO FRANCISCO,

              Defendant.
------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
DEFENDANT ABDUL WALJI TO MODIFY TEMPORARY
RESTRAINING ORDER/PRELIMINARY INJUNCTION**

**PRELIMINARY STATEMENT**

      This memorandum of law is submitted in support of the motion of defendant Abdul Walji ("Walji") which seeks modification of the Court's December 12, 2013 order (the "Order"), granted _ex parte_ and extended by consent of Walji, which, _inter alia_, created a freeze of assets belonging to Walji and others.

      The memorandum accompanies the affidavits of Walji and one of his attorneys, Jon Quint, which sets forth extensive details in support of two different areas of relief, relating to assets in place as of the date of the Order and assets acquired subsequent to that date, setting forth the reasons why the Court should modify its order.

## THE FACTS

The U.S. Commodity Futures Trading Commission ("CFTC") commenced the within action by filing its complaint and simultaneously submitting a proposed order for <u>ex parte</u> relief, which included, among its other provisions, a freeze on assets belonging to Walji and others. The Court entered the Order on December 12, 2012 (Exhibit A to the moving papers).

In addition, the United States Attorney for the Southern District commenced a parallel criminal proceeding by the filing of a complaint against the individual defendants in the within action. Walji was arrested at his home in southern California and released on bail. He was then presented in the Southern District of New York on the complaint and his bail continued. Subsequent to his arrest, a Grand Jury returned an indictment and that proceeding is pending before Judge Cote in this district (13 cr 217). Walji has been arraigned, has pleaded Not Guilty in that proceeding and remains on bail.

The Order provided for a return date on a motion to confirm the temporary restraints. All parties consented to the continuation of the restraints. Thereafter, the within action has been stayed, based on the pendency of the criminal action. The Court, however, has, in its series of orders extending the stay, noted as follows (in the latest order):

> The Court's restraining order of December 12, 2012, shall remain in full force and effect during the stay and through the preliminary injunction hearing of May 30, 2013, without prejudice to the parties' ability to ask the Court to modify the restraining order or to seek relief under any of its provisions.

Order of February 21, 2013 (Document 33).

After extensive attempts by Walji consensually to resolve the issues presented herein have failed, Walji now moves for a modification.

## **THE MOTION**

The within motion seeks relief as to two separate classes of assets that have been restrained by the Order as a result of the service by the CFTC of the Order on various financial institutions.

One branch of the motion addresses the freeze of assets that actually existed on the date the Order was entered.  The branch covers assets which Walji controlled solely as signatory in his capacity in connection with his occupation as a pension and benefits administrator wholly unrelated to the charges in the complaint or indictment.  Such assets, based on the showing of facts here, could never properly be the subject of any seizure in this action.  The restraint of these assets are causing third parties harm.  That branch includes property of Walji's family, but not of Walji, in safe deposit boxes.  The second branch of the motion goes to monies obtained by Walji in his unrelated business activities, subsequent to the date of the Order which were deposited to an account covered by the freeze.  The refusal by the CFTC to consent to their release, is causing harm to Walji and without a court directive will remain unavailable to him.

No part of the motion seeks relief as to assets actually owned by Walji as of the date of the Order.  For the purposes of the motion, Walji concedes that a freeze on those can remain in place.

## ARGUMENT

### POINT I

### THE COURT HAS THE POWER TO MODIFY THE INJUNCTION TO EXCLUDE FROM ITS AMBIT ASSETS THAT WOULD NOT BE SUBJECT TO SEIZURE

Walji seeks to modify the existing restraints on certain accounts and assets. As the Court recognized, the original restraints, issued ex parte, might well require modification. The power to modify is manifest:

> The Court has discretion to modify a preliminary injunction that issued because injunctions are executor and subject to change as needed. See Sierra Club v. U.S. Army Corps of Eng'rs, 732 F.2d 253, 256 (2d Cir. 1984). "When modifying a preliminary injunction, a court is charged with the exercise of the same discretion it exercised in granting or denying injunctive relief in the first place." Id. the preliminary injunction here was not issued under Federal Rule of Civil Procedure 65(a), but under statutory authority provided in the CEA. See 7 U.S.C. §13a-1(b). The Court, however, is also vested with equitable discretion over statutory injunctions. CFTC v. British Am. Commodity Options Corp., 560 F.2d 135, 141 (2d Cir. 1977). And the fact that the preliminary injunction was entered on Axess Trade's consent is also no barrier to its modification. See Sys. Fed'n No. 91 v. Wright, 364 U.S. 642, 646 (1961) ("We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions though it was entered by consent." (quoting United States v. Swift & Co., 286 U.S. 106, 11 (1932)).

Gonzalez v. Axess Trade Co., Inc., 04 Civ. 3762 (RCC) (U.S.D.C. S.D.N.Y. 2005).

As the Second Circuit also held in Sierra Club, cited by Judge Casey:

> An injunction is an ambulatory remedy that marches along according to the nature of the proceeding. It is executory and subject to adaption as events may shape the need, except where rights are fully accrued or facts are so nearly permanent as to be substantially impervious to change.

The facts presented in the sworn testimony of Walji, in the detail supplied by Walji and sent to the CFTC, and as set out in Walji's attorney's affidavit make it clear that a modification is warranted.

Since January 11, 2013, when Walji's attorneys first wrote the CFTC seeking modification, providing a thick set of documents, it has been evident that certain of the assets caught up by the broad sweep of the Order should be released. The first communication made it clear that there was no connection between the issues of the complaint and Mr. Walji's benefits business, Calpension, Inc. It was also clear that sums due certain pension beneficiaries from accounts that funded these benefits were uninvolved in the CFTC action, that money due for withheld taxes of a pension plan had nothing to do with the CFTC action and that the contents of two safe deposit boxes that Walji was a co-renter on were not involved in the CFTC action. Despite subsequent exchanges of documents, letters and formal discovery responses, the CFTC continues to object to any modification. The Court's power should be exercised by modifying the order.

## POINT II

### NONE OF THE ASSETS FOR WHICH RELIEF IS SOUGHT ARE SUBJECT TO THE UNDERLYING ACTION AND SHOULD NOT BE RESTRAINED

When the CFTC applied for the TRO, the focus of its application, supporting papers and memorandum of law was the allegations concerning Arista, LLC ("Arista"), the investment vehicle which is also a defendant before this Court. To the extent Walji was mentioned, the papers focused on Walji's involvement with Arista and not on any of his other activities.

Here, however, on this motion, the activities of Arista vis a vis Walji are not part of the application herein. Walji, for the purpose of this motion, accepts the allegations concerning

Arista and accepts the restraints on any assets connected to Arista which he concedes must also include his personal assets in existence as of the date of the Order..

The relief Walji seeks as to assets existing as of the dater of the Order is connected only to non-Arista and non-personal assets.

Walji's affidavit makes it clear that some of the assets caught in the CFTC's shotgun approach of serving every financial institution he had any connection to has ensnared assets that he does not own and which could never be subject to the CFTC's claims at the conclusion of this matter. At least two sets of pension beneficiaries whose assets are on deposit in accounts over which Walji has signatory authority are impacted.

As shown by the moving papers, the tax deposits due on behalf of the J. H. Coffman & Son, Inc. Pension Plan remain unpaid. The CFTC has refused to permit the pay-out of the withheld taxes to the U.S. Treasury from an account in the name of the plan over which Walji has signatory authority. Similarly, payments due beneficiaries of the Allied Benefits Trust are not being made because the money on deposit at Interactive Brokers cannot be dispersed, again because Walji has signatory authority over that account. Walji has shown there is no nexus between these accounts and Arista or his personal funds that require these restraints be continued.

Walji has also demonstrated that the assets in the safe deposit boxes, long owned by his wife and her sisters, consisting of women's jewelry, some of which was inherited, is also caught up in the CFTC's actions. Walji is a co-renter on the box but has no ownership rights.

None of the assets described above are "defendant's assets", which is a necessary fact that would need to exist to justify any freeze on those assets.

Walji also seeks relief as to post-Order assets, which, by the Court's own order are not included in the freeze. Nevertheless, because of the qualifying language of Paragraph 14 of the

Order, and the CFTC's refusal to consent, monies are tied up in the bank account of Calpension, Inc., Walji's professional service entity, and cannot be withdrawn.

Unlike numerous cases where defendants, solely in civil actions brought by the CFTC (or the SEC), solely in criminal actions where forfeiture allegations are made, or in joint civil/criminal actions where there is overlap between forfeiture and TRO/injunction proceedings, the courts have faced the question posed by defendants who seek relief to obtain access to assets that are connected to the underlying allegations. In those cases, the courts, while granting some relief, frequently limit or deny any relief because the issue is the extent to which the assets sought to be unfrozen are actually implicated in the underlying civil or criminal proceeding. This is not such a case.

The Second Circuit, on April 2, 2013, decided U.S. v. Walsh, __ F.3d __ (2d Cir. 2013), affirming Judge Cedarbaum's denial of additional withdrawals by the defendant from money obtained from the sale of his principal residence. In that decision (and the earlier joint decision of Judges Daniels and Cedarbaum to allow some withdrawal) there was a finding that the assets involved belonged to the defendant but were not available because they were "tainted funds" tied up in the charged conduct and which defendant could not prove were not "traceable" back to the underlying allegation. That is not the case here since the moving papers show the assets never belonged to Walji but either to the beneficiaries of the various pension plans or to Walji's wife and her sisters.

Walji has made a complete showing that the assets in existence as of the date of Order are not "defendant's assets" and thus would not be available for any ultimate remedy. CFTC v. Levy, 541 F.3d 1102 (11th Cir. 2008). ("It is unsurprising, therefore, that a district court may freeze a defendant's assets to ensure the adequacy of a disgorgement remedy."(and cases cited therein) (emphasis supplied)).

Similarly, the proof supplied in the original January 11 letter and the April 1 letter shows that the post-Order money tied up by the Order in the Calpension account are not "derived from or otherwise related to the activities" covered by the complaint herein. The CFTC has simply put those funds in limbo and this Court should release them.

## CONCLUSION

The motion should be granted with the Court directing the limited specific releases as set forth in the Notice of Motion.

Dated: New York, New York
April 18, 2013

        Respectfully Submitted,

        MOUND COTTON WOLLAN & GREENGRASS

        By: _____
             Michael R. Koblenz
             Jon Quint

Attorneys for Defendant Abdul Walji
One Battery Park Plaza
New York, New York 10004
(212) 804-4200