UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

U.S. COMMODITY FUTURES TRADING
COMMISSION,

                              Plaintiff,

             -v-

ARISTA LLC, ABDUL SULTAN WALJI a/k/a ABDUL
SULTAN VALJI, and RENIERO FRANCISCO,

                           Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/16

12 Civ. 9043 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

In this civil enforcement action, defendant Abdul Walji agreed to a Consent Order resolving all claims against him in December 2013. Dkt. 77. Walji now moves for a stay of "all actions, judgments, orders or proceedings" pending an arbitration that he believes to be mandated by an arbitration clause in defendant Arista LLC's membership agreement with investors. Dkt. 78. Plaintiff, the U.S. Commodity Futures Trading Commission ("CFTC"), has responded. Dkt. 82. For the following reasons, the motion is denied.

First, the CFTC cannot be bound by an arbitration agreement to which it was not a party. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The purported agreement between Arista LLC and its investors has no effect on the CFTC's statutory enforcement authority.

Second, Federal Rule of Civil Procedure 60(d)(1) provides no basis for granting Walji's requested relief. Walji cannot show, among other things, that his "own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief." *Zulu v. Ruth*, 622 F. App'x 55, 56 (2d Cir. 2015) (summary order) (quoting *Campaniello Imports, Ltd. v.*

*Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (internal quotation marks omitted).  More than two years ago, Walji agreed, while represented by counsel, to a Consent Order settling the claims against him.  Dkt. 77.  His argument for arbitration should have been brought before then, or in any event not more than two years later (though it would have been as meritless as it is now).

Third, there is no basis to conclude that there was a fraud on the court pursuant to Federal Rule of Civil Procedure 60(d)(3).  Again, Walji agreed to a Consent Order while represented by counsel, and any suggestion that the CFTC should have notified Walji of an arbitration clause in an agreement to which it was not a party is meritless.

Fourth, if the Court were to construe Walji's motion as a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b), such a motion, filed more than two years after judgment, would be untimely.  *See Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (barring a Rule 60(b)(6) motion, not subject to the one-year bar applicable to other Rule 60(b) grounds, that was filed 18 months after judgment).

Finding Walji's other arguments to be meritless, the Court hereby denies the motion.  The Court directs the Clerk of Court to close the motion pending at Dkt. 78.


SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: January 26, 2016
New York, New York

2